# EXHIBIT D



Jonathan D. Pressment, Esq.
Direct Phone Number: 212-918-8961
Direct Fax Number: 212-884-9561
Jonathan.pressment@haynesboone.com

November 25, 2019

*BY FAX AND EMAIL*

Pamela D. Whitaker
c/o Key Resources, Inc.
3703-A West Market Street
Greensboro, North Carolina 27403-1371

>Re: *Notice of Claim And Reservation Of Rights With Respect To Breaches Of The Share Purchase Agreement Between Pamela D. Whitaker (As Seller), Monroe Staffing Services, LLC (As Buyer) And Staffing 360 Solutions, Inc. (as Parent).*

Dear Ms. Whitaker:

This firm represents Monroe Staffing Services, LLC and Staffing 360 Solutions, Inc. (collectively, "Staffing 360"). We write pursuant to, *inter alia*, Sections 7.01 and 7.03 of the Share Purchase Agreement (the "SPA"), dated as of August 27, 2018, by and among you, as Seller, Monroe Staffing Services, LLC, as Buyer, and Staffing 360 Solutions, Inc., as Parent, to provide you with a notice of claim with respect to your suspected breaches of the SPA as well as other potentially fraudulent representations and/or conduct for which Staffing 360 reserves all rights to hold you liable.

As you know, the SPA memorialized Staffing 360's agreement to purchase all of the issued and outstanding shares of your company, Key Resources, Inc. ("Key"). In connection with the sale, you provided numerous representations regarding the state of Key's business and its operations – many of which are set forth at length in the SPA. For example, as part of the SPA, you expressly represented that, "[t]he Company has complied, and is now complying, with all Laws applicable to it or its business, properties, or assets." (SPA, § 3.15.) You also represented that, Key Resources "has full corporate power and authority to . . . carry on its business *as it has been and is currently conducted.*" (SPA, § 3.02) (emphasis added.) As you know, Staffing 360 relied on these and other representations provided by you (both verbally and in writing) in agreeing to purchase Key's shares from you under the SPA.

It has recently come to our attention that certain of the representations that you made in connection with the SPA, and on which Staffing 360 relied, may have been false.

REDACTED

This failure, if true, would render numerous of the representations and warranties that you provided to Staffing 360 under the SPA false. Moreover, it appears that you would have been aware of Key's failings and the falsity of your representations to Staffing 360 in this regard at the time you executed the SPA.

Haynes and Boone, LLP
Attorneys and Counselors
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Phone: 212.659.7300
Fax: 212.918.8989
www.haynesboone.com

Case 1:20-cv-00012-NCT-JLW   Document 11-4   Filed 01/14/20   Page 2 of 3

If that is true, your provision of these representations clearly "involv[ed] fraud" within the meaning of Section 7.09 of the Agreement.

Although our investigation is continuing, in light of the foregoing, and in an abundance of caution, we hereby provide you with notice, pursuant to Sections 7.03 and 7.09 of the SPA, of Staffing 360's claim with respect to the conduct described above REDACTED REDACTED Such claims may include, but not be limited to, claims with respect to Sections 3.01(b), 3.02, 3.15, 3.19, 3.20, and Article VI of the SPA, as well as such other and further claims as may be provided for by law. We further provide you with notice, pursuant to Section 7.08 of the SPA, that Staffing 360 reserves all rights to setoff any penalties, liabilities, or damages arising as a result of any fraudulent conduct and/or breaches of the SPA by you (or Key) against any Earnout Payments that would otherwise be owed to you. (*See* SPA, § 7.08.)

We are hopeful that we will conclude our investigation and find that the conduct described above has not taken place. If, however, our investigation confirms such conduct, we reserve all rights to take any and all necessary action to preserve and/or assert Staffing 360's rights and/or protect it from further damage. Such action may include, but not be limited to, the commencement of formal action.

We intend to follow-up with you regarding these matters at the appropriate time. In the interim, nothing in this letter is intended to waive any and all rights to which Staffing 360 may be entitled -- all of which are expressly reserved.

Very truly yours,

Jonathan D. Pressment

Ashley Tison, Esq. (*By Email*)