IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:20-cv-12

PAMELA D. WHITAKER,

    Plaintiff

v.

MONROE STAFFING SERVICES, LLC
and STAFFING 360 SOLUTIONS, INC.,

    Defendants

**AMENDED COMPLAINT**

Plaintiff complaining of defendants alleges and says:

**FIRST CLAIM OF RELIEF**
(Breach of Contact)

1. Plaintiff is a resident of Winston-Salem Forsyth County, North Carolina.

2. Defendant Monroe Staffing Services, LLC ("Monroe") is a Delaware limited liability company with an office and place of business in Winston-Salem, Forsyth County, North Carolina.

3. Defendant Staffing 360 Solutions, Inc. ("Staffing 360") is a Delaware corporation with its office and principal place of business in New York City, New York, and the parent company of Monroe. Defendant Staffing 360 is also engaged in business in North Carolina.

4. On or about August 27, 2018, the parties entered into a share purchase agreement ("Agreement"), pursuant to which defendant Monroe agreed as buyer to

purchase from plaintiff as seller all issued and outstanding shares of Key Resources, Inc. ("Key"), a North Carolina corporation. Defendant Staffing 360 guaranteed the payment of the purchase price as the parent company of Monroe.

5. Venue of this case is required in Guilford County, North Carolina Superior Court pursuant to plaintiff's election under the Agreement because this lawsuit involves a dispute relating to a buyer setoff claim.

6. Pursuant to the Agreement, defendants were required to make two earnout payments of $2,027,198 each to plaintiff (the "Earnout Payments"). Defendants were required to make the first Earnout Payment on the first anniversary of the Agreement's closing date (on or about August 28, 2019) and the second Earnout Payment on the second anniversary of the Agreement's closing date.

7. Having failed to make the first Earnout Payment in a timely manner, on or about September 11, 2019, defendants entered into an Amendment Agreement with plaintiff.

8. Under the Amendment Agreement, defendants agreed that the Earnout Payments were both deemed earned and payable in full.

9. The Amendment Agreement further allowed defendants to delay the first Earnout Payment provided that they made interest payments on the first Earnout Payment beginning on September 30, 2019, and subsequently on or before the last business day of each calendar month. Thus, the Amendment Agreement allowed defendants to delay the

2

first Earnout Payment until no later than February 27, 2020, provided that they made interest payments as specified by the Amendment Agreement

10. The Amendment Agreement also stated that the second Earnout Payment would be due on February 27, 2020.

11. Defendants repeatedly failed to timely make the interest payments as required by the Amendment Agreement.

12. On or about November 25, 2019, defendants notified plaintiff by letter and for the first time of a potential buyer setoff claim based on information defendants allegedly obtained after closing on the Agreement.

13. Since sending the November 25, 2019 letter, defendants' representative has asserted in conversations with plaintiff to have a valid setoff claim and the right to withhold the Earnout Payments based on this claim.

14. As of the date of this Amended Complaint, defendants have failed to make the Earnout Payments and have purported to terminate the Agreement in writing.

15. Defendants materially breached the Amendment Agreement by failing to make the payments and interest as agreed, as a proximate result of which plaintiff has been injured and damaged in the sum of $4,054,396, with interest pursuant to the Amendment Agreement and as allowed by law.

## SECOND CLAIM FOR RELIEF

16. Plaintiff realleges the allegations contained in paragraphs 1-15 of the amended complaint, which are incorporated by reference herein as if the same were fully set forth.

17. There is a real, present, justiciable controversy among the parties as to the interpretation of the Amendment Agreement, such that litigation became imminent, entitling plaintiff to declaratory judgment pursuant to G.S. 1-253 et seq. and Rule 57 of the North Carolina Rules of Civil Procedure, construing the rights and obligations of the parties and providing a final adjudication of this claim. In the alternative, plaintiff is entitled to such an adjudication pursuant to New York Civil Practice Law and Rules, Section 3001.

### THIRD CLAIM FOR RELIEF

18. Plaintiff realleges the allegations contained in paragraphs 1-17 of the amended complaint, which are incorporated by reference herein as if the same were fully set forth.

19. Defendants are engaged in the business of purchasing employee staffing companies and establishing employee staffing offices in the Southeastern United States and elsewhere.

20. Defendants' conduct was in or affected trade or commerce.

21. Defendants' have exhibited a pattern and practice in its purchase of other businesses similar to KRI of making payment through a method of deferred compensation or earnouts based on the performance of the purchased entity following such purchase.

22. Defendants have adopted a business strategy of making a down payment, and then reneging on payment of deferred compensation or earnouts by fabricating a pretext for nonpayment at the time the balance of payment becomes due, with a view toward acquiring the purchased company at a discount.

23. Defendants have engaged in such a practice in the past several years with at least two other companies purchased in this fashion, then boasted in the media and to its shareholders about the savings obtained by such misconduct.

24. In addition, defendants' representative has recently initiated telephone calls to plaintiff threatening her with criminal prosecution as a result of defendants' asserted setoff claims.

25. Defendants' misconduct was in violation of G.S. 75-1.1, or in the alternative New York General Business Law, Section 349(h), as a proximate result of which plaintiff has been injured and damaged in a sum in excess of $25,000 in actual, consequential and incidental damages, which plaintiff is entitled to recover of defendants, with trebling by the court pursuant to G.S. 75-16 and interest allowed by law.

**WHEREFORE**, plaintiff respectfully prays the court that:

1. Plaintiff have and recover of defendants, jointly and severally, a sum in excess of $25,000 in actual damages, with interest allowed by law;

2. Any award against defendants for unfair trade practices be trebled by the court pursuant to G.S. 75-16;

3. The costs of this action, including reasonable attorney's fees pursuant to G.S. 75-16.1, be taxed against defendants;

4. This action be tried by a jury; and

5. The court grant such other and further relief as shall be just and proper.

This the 28th day of February 2020.

/s/ G. Gray Wilson
G. Gray Wilson, Bar No. 7398
Stuart H. Russell, Bar No. 34959
NELSON MULLINS RILEY & SCARBOROUGH, LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC  27103
Phone: 336-774-3271
Fax: 336-774-3299
gray.wilson@nelsonmullins.com
stuart.russell@nelsonmullins.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, hereby certify that on February 28, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such to the following

        Craig D. Schauer
        cschauer@brookspierce.com

        Jonathan D. Pressment
        jonathan.pressment@haynesboone.com

        *Attorneys for Defendant*

        /s/ G. Gray Wilson
        G. Gray Wilson, Bar No. 7398
        NELSON MULLINS RILEY & SCARBOROUGH, LLP
        380 Knollwood Street, Suite 530
        Winston-Salem, NC 27103
        Phone: 336-774-3271
        Fax: 336-774-3299
        gray.wilson@nelsonmullins.com

        *Attorney for Plaintiff*