IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PAMELA D. WHITAKER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| MONROE STAFFING SERVICES, ) | 1:20CV12 |
| LLC and STAFFING 360 ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

The Recommendation of the United States Magistrate Judge was filed in accordance with 28 U.S.C. § 636(b) and served on the parties in this action on June 25, 2020. (Mem. Op. & Recommendation of U.S. Magistrate Judge ("Recommendation") [Doc #27]; Notice of Mailing Recommendation [Doc. #28]). The Magistrate Judge found that (1) the agreed-upon forum selection clause between Plaintiff Pamela D. Whitaker ("Ms. Whitaker") and Defendants Monroe Staffing Services, LLC and Staffing 360 Solutions, Inc. (collectively, "Defendants") was mandatory and (2) the dispute between the parties was not related to a setoff, therefore it was not permitted to be adjudicated in federal or state court in North Carolina under the terms of the forum selection clause. (Recommendation at 6-10.) Thus, it was recommended that the Court grant Defendant's motion to dismiss with respect to transferring the matter to federal court in New York, deny Ms. Whitaker's motion to remand, and leave to the discretion of the transferee New York court whether to allow Ms. Whitaker's motion to amend her complaint.

(Id. at 3-11.) The Court has made a de novo determination upon review of the portions of the Magistrate Judge's Recommendation to which Ms. Whitaker objected and, for reasons explained below, declines to adopt the Recommendation.

I.

The facts are well summarized in the Recommendation. (Id. at 1-3.) Ms. Whitaker and Defendants entered into the agreement ("Agreement") at issue on or about August 27, 2018, in which Defendants guaranteed purchase and payment for all of Ms. Whitaker's issued and outstanding shares of Key Resources, Inc. (Compl. ¶ 4 [Doc. # 5].) Following Defendants' failure to remit the scheduled first payment, the parties then entered into an "Amendment Agreement" in September 2019, which stipulated that Defendants would make two payments of $2,027,198 on or before November 29, 2019 and February 27, 2020, respectively. (Id. ¶ 7.) Section 8.08—which was incorporated into the Amendment Agreement—contains a forum selection clause, which provides:

> [a]ny legal suit, action, proceeding, or dispute arising out of or related to this Agreement, the other transaction documents, or the transactions contemplated hereby or thereby may be instituted in the federal courts of the United States of America or the courts of the State of New York in each case located in the city and county of New York, and each party irrevocably submits to the exclusive jurisdiction of such courts in any suit, action, proceeding, or dispute. <u>Notwithstanding the foregoing, any legal suit, action, proceeding, or dispute arising out of or relating to a Buyer setoff pursuant to Section 7.08 and Seller's dispute relating thereto may be instituted in the federal courts of the United States of America located in the Middle District of North Carolina or the courts of the State of North Carolina located in Guilford County, in either case applying New York law, and such forum selection by Seller shall be controlling.</u>

2

(Section 8.08, Excerpts of Share Purchase Agreement, Ex. 2 to Decl. of Jonathan Pressment [Doc. #11-2] ("Section 8.08, Ex. 2 to Pressment Decl.") (emphasis added).) The parties did not provide the Court with Section 7.08 to the Agreement, but Defendants represent in their brief that it requires Defendants to articulate: "(1) the basis for why the Buyer believes it is entitled to setoff, (2) the alleged amount owed (the "Setoff Amount") along with a calculation showing the basis for such Setoff Amount, and (3) reasonable documentation supporting the Setoff Amount." (Def.s' Resp. in Opp'n to Pl.'s Mot. to Remand [Doc. #18] at 10 n.3.)

Despite the delayed payment plan memorialized in the Amendment Agreement, Defendants again failed to make the first payment, instead sending Ms. Whitaker a letter on November 25, 2019 ("November 25 Letter"), notifying her that they were investigating alleged misrepresentations she may have made pursuant to the Agreement, and reserving rights including "a potential setoff claim."[1] (Letter from Jonathan Pressment to Pamela Whitaker on Notice of Claim (Nov. 25, 2019), Ex. 4 to Decl. of Jonathan Pressment at 2 ("November 25 Letter, Ex. 4 to Pressment Decl."); see also Compl. ¶¶ 7, 8). Specifically, Defendants stated in the November 25 Letter:

---

[1] As noted in the Recommendation, Defendants dispute Ms. Whitaker's characterization of the November 25 Letter, arguing instead that, in it, they "merely reserved all rights as to a host of potential claims including, but certainly not limited to, a setoff . . . [.]" (Def.s' Resp. to Pl.'s Obj. to Mem. Op. and Recommendation of U.S. Magistrate Judge [Doc. #30] at 2 ("Response") (emphasis in original).)

3

> Although the investigation is continuing, in light of the foregoing, and in an abundance of caution, we hereby provide you with notice, pursuant to Sections 7.03 and 7.09 of the SPA, of Staffing 360's claim with respect to the conduct described above . . . [.]  Such claims may include, but not be limited to, claims with respect to Sections 3.01(b), 3.02, 3.15, 3.19, 3.20, and Article VI of the [Agreement], as well as such other and further claims as may be provided by law.  We further provide you with notice, pursuant to Section 7.08 of the [Agreement], that <u>Staffing 360 reserves all right to setoff any penalties, liabilities, or damages arising as a result of any fraudulent conduct and/or breaches of the [Agreement] by you against any Earnout Payments that would otherwise be owed to you</u>.

(November 25 Letter, Ex. 4 to Pressment Decl. at 3 (emphasis added).)

Shortly after the November 25 Letter, Ms. Whitaker filed the present lawsuit in December 2019 in the Superior Court of Guilford County, North Carolina, claiming breach of contract and seeking declaratory relief and damages. (Compl. [Doc. #5].)  Defendants then removed the case to this Court, (Def.s' Notice of Removal [Doc. #1]), and subsequently filed the instant motion to dismiss, (Def.s' Mot. to Dismiss or, in the alternative, Transfer [Doc. #9].)  In February 2020, Ms. Whitaker moved to remand to state court, (Pl.'s Mot. to Remand [Doc. #16]), and to amend her complaint, (Pl.'s Mot. to Am. Compl. [Doc. #23]).  Meanwhile, the day before Defendants would have defaulted on their February 2020 payment, they acted on their November 25 Letter and filed suit against Ms. Whitaker in the United States District Court for the Southern District of New York alleging fraudulent inducement and breach of contract. (See Doc. #25 at 7 n.4 (citing Staffing 360 Solutions v. Whitaker, No. 1:20-cv-01716-GBD (S.D.N.Y. Feb. 26, 2020)).)

4

Ms. Whitaker objects specifically to the Magistrate Judge's finding that (1) the dispute between the parties did not relate to a setoff and (2) because the dispute was not related to a setoff, the forum selection clause required transfer to New York. (Pl.'s Obj. to Mem. Op. and Recommendation of U.S. Magistrate Judge [Doc. #29] at 5-14 ("Objection").)

II.

With respect to Ms. Whitaker's first objection, the Court agrees that the dispute[2] at issue sufficiently relates to a setoff to trigger jurisdiction in North Carolina state or federal court.[3] Here, the parties agreed to a forum selection clause that required claims to be adjudicated in New York, unless they "ar[ose] out of or relat[ed] to a Buyer setoff," in which case the claim could be brought in North Carolina. (Section 8.08, Ex. 2 to Pressment Decl.) As noted in the Recommendation, New York courts, as well as many federal courts, "routinely read language similar to 'any legal suit, action, proceeding, or dispute arising out of or relating to,' as expansive" and broad. (Recommendation at 7-8 (citing In re.

---

[2] While the Court refers to a "dispute" or "claim" between the parties, the language in Section 8.08 of the Agreement includes "any legal suit, action, proceeding, or dispute . . . [.]" (Section 8.08, Ex. 2 to Pressment Decl.)

[3] Though the Court declines to adopt the recommendation that the matter be transferred to the Southern District of New York, it agrees with the Magistrate Judge's thorough analysis concluding that New York law governs the interpretation of the Agreement, (see Recommendation at 3-4), and that the forum selection clause between the parties is mandatory, with New York state or federal court as the primary forum, subject to the exception the dispute may be brought in North Carolina state or federal court if it relates to a setoff, (see Recommendation at 4-11).

5

Solkaw Solartechnik, G.m.b.H. (Besicorp Grp. Inc.), 91 N.Y.2d 482, 484, 695 N.E.2d 707, 707, 672 N.Y.S.2d 838, 838 (N.Y. 1998), superseded on other grounds by statute, CPLR § 7502(a)(iii), as recognized in In re Gleason (Michael Vee, Ltd.) 96 N.Y.2d 117, 749 N.E.2d 724, 726 N.Y.S.2d 45 (N.Y. 2001); Nat'l Equip. Rental Ltd. v. Am. Pecco Corp., 28 N.Y.2d 639, 641, 269 N.E.2d 37, 38, 20 N.Y.S.2d 248, 249 (N.Y. 1971); Potoker v. Brooklyn Eagle Inc., 2 N.Y.2d 553, 560, 141 N.E.2d 841, 844, 161 N.Y.S.2d 609, 613 (N.Y. 1957)).) Put simply, the inclusion of this language covers a broad array of disputes. See, e.g., Prod. Res. Grp. v. Martin Prof'l, 907 F. Supp. 2d 401, 412 (S.D.N.Y. 2012) (describing narrower and broader categories of language used in forum selection clauses and including "relating to" in the latter category).

Defendants contend, and Ms. Whitaker concedes, that they have not yet formally made a setoff claim or asserted it as a defense, (see Objection at 8; Response at 2); however, Section 8.08 does not require either to trigger jurisdiction in North Carolina, (Section 8.08, Ex. 2 to Pressment Decl.). Here, Defendants failed to make the scheduled payments under both the original and Amendment Agreement and notified Ms. Whitaker in their November 25 Letter that they were investigating alleged misrepresentations by her and reserving rights to pursue claims against her pursuant to the terms of the Amendment Agreement as well as the right to setoff as a result of any fraudulent conduct or breach by her. Ms. Whitaker took action first by suing Defendants for breach of contract; two months later, Defendants sued Ms. Whitaker alleging breach of contract and

6

fraudulent inducement. In this context, any amount Defendants have not paid Ms. Whitaker as a result of a conclusion, position, or assertion—right or wrong—that Ms. Whitaker committed fraud or breached terms of the contract would "relat[e] to" a setoff—a legal justification for not paying that amount. The parties bargained for, and opted to include, a provision specifically addressing a "Buyer setoff," and also opted to include broad language in both the types of matters covered ("any legal suit, action, proceeding, or dispute") and the nexus between those matters and a setoff ("arising out of or relating to"). In sum, the expansive contractual terms in the Agreement and as adopted in the Amendment Agreement, Defendants' failure to pay, and their reservation of rights to a setoff based upon allegations that they are now actively pursuing are sufficient to conclude that the dispute "aris[es] out of or relat[es] to" a setoff.

Questions regarding Section 7.08 likely are tangential. As noted above, Defendants argue that they have not made a setoff claim. They rely in part on Section 7.08 of the Agreement which, at least according to Defendants, requires certain steps to be taken to exercise their right to a setoff. Assuming the provision is as Defendants represent, any challenges to the provision go to the sufficiency of the setoff claim, rather than to the establishment of jurisdiction over such a claim as provided for in Section 8.08.

III.

Given the Court's determination that the dispute between Ms. Whitaker and Defendants "aris[es] out of or relat[es] to" a setoff and does not require transfer to

7

the Southern District of New York, the Court must decide Ms. Whitaker's motion to remand. She contends that the terms of the contract, in Section 8.08 specifically, permit her to choose the forum to bring a suit "arising out of or relating to a Buyer setoff," and once selected, the forum is "binding" on the parties. (Pl.'s Brief in Supp. of Mot. to Remand [Doc. #17] at 3-5.) Ms. Whitaker originally filed suit in Guilford County Superior Court, so, according to her argument, that selection mandates the parties remain in that forum. (Id.) Defendants respond that New York law, which governs Section 8.08's interpretation, requires "any waiver of a right to remove an action to federal court . . . be clear and unequivocal," and that there was no such waiver in Section 8.08. (Def.s' Resp. in Opp. to Pl.'s Mot. to Remand at 12-13.) Further, Defendants argue that Ms. Whitaker's contention would lead to "absurd results," namely a hypothetical scenario in which Ms. Whitaker elects to initiate a suit in federal court which has no subject matter jurisdiction, but the parties would be unable to move the matter to a forum with jurisdiction. (Id. at 13-14.)

A.

"Parties are free to bind themselves to forum-selection clauses that trump what would otherwise be a right to move cases to federal court." Yakin v. Tyler Hill Corp., 566 F.3d 72, 76 (2d Cir. 2009) (citing Karl Koch Erecting Co. v. N.Y. Convention Ctr. Dev. Corp., 838 F.2d 656, 659-60 (2d Cir. 1988) (applying New York law)); see also John's Insulation, Inc. v. Siska Const. Co., Inc., 671 F. Supp. 289, 294 (S.D.N.Y. 1987) ("It is well established that a forum selection clause

8

may act as a waiver of a defendant's right to remove an action to federal court."). However, the waiver of this right to remove "must be clear and unequivocal." John's Insulation Inc., 671 F. Supp. at 294 (applying New York law). Compare Gen. Elec. Cap. Corp. v. Cutler, No. 15-CV-4420 (PAE), 2015 WL 7444627, at *1-4 (S.D.N.Y. Nov. 23, 2015) (finding clear and unequivocal waiver where forum selection clause stated defendant "irrevocably waives any right it may have to remove [proceedings to federal court]"), and Yakin, 566 F.3d at 76 (perceiving "no ambiguity in . . . forum selection clause" where it read that "any dispute that may arise out of this Agreement . . . shall be in Nassau County, New York," given that there was no federal court in Nassau County), with Rabbi Jacob Joseph School v. Province of Mendoza, 342 F. Supp. 2d 124, 128 (E.D.N.Y. 2004) (finding forum selection clause did not waive right to remove in part because it "[did] not contain any reference to removal"). Notwithstanding this, "'federal courts construe the removal statute narrowly, resolving any doubts against removability.'" L&L Painting Co., Inc. v. Odyssey Contracting Corp., No. 08-CV-3559 (SAS), 2008 WL 2856475, at *1 (S.D.N.Y. July 22, 2008) (quoting Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991), superseded on other grounds by rule as recognized in Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008)).

Here, the second part of the forum selection clause gives Ms. Whitaker the option to file her setoff dispute in (1) the Middle District of North Carolina or (2) Guilford County Superior Court. (Section 8.08, Ex. 2 to Pressment Decl.) It then states that Ms. Whitaker's selection between those two options "shall be

9

controlling." (Id.)  While the clause does not explicitly use the words "remove" or "removal," see Rabbi Jacob, 342 F. Supp. 2d at 128[4], the inclusion of "controlling" makes its meaning clear: if Ms. Whitaker elects to file suit in North Carolina state court, the case will remain there, see Karl Koch, 838 F.2d at 659 (finding forum selection clause operated as waiver of removal despite not "literally preclud[ing] removal" where such preclusion was "the obvious purpose of the [clause]").  The use of the term "controlling" would be rendered meaningless if, in the same scenario, Defendants could simply remove the case from the forum Ms. Whitaker chose, exactly as they have done here.  Defendants present a compelling hypothetical scenario, but one that is hypothetical, as opposed to the actual scenario here in which Defendants' reading would frustrate the very purpose of this exception to the forum selection clause, agreed upon by the parties, for Ms. Whitaker to control the forum in which a setoff-related dispute is brought.

Therefore, the Court grants Ms. Whitaker's motion to remand the action to the Superior Court of Guilford County, North Carolina under 28 U.S.C. § 1447.[5]  There, the court may determine Defendants' motion to dismiss and Ms. Whitaker's motion to amend her complaint.

---

[4] The defendant in Rabbi Jacob was a foreign entity, and the court there wrote that "[c]ourts are particularly hesitant to find waiver of the right to removal where one of the parties is a foreign entity . . . [.]" 342 F. Supp. 2d at 129.

[5] Defendants do not dispute that Ms. Whitaker has met the statutory requirements for remanding the case. See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . [.]").

10

IV.

For the reasons explained in this Memorandum Opinion, the Court declines to adopt the Recommendation. IT IS HEREBY ORDERED that Plaintiff's Motion to Remand [Doc. #16] is GRANTED. IT IS FURTHER ORDERED that Defendant's Motion to Dismiss [Doc. #9] is DENIED AS MOOT and Plaintiff's Motion to Amend Complaint [Doc. #23] is DENIED AS MOOT, both to be left to the adjudication of the Guilford County Superior Court.

This the 19th day of February, 2021.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge